IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTOINETTE M. JONES, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-10-3575 | |
| § | | |
| CONTINENTAL AIRLINES, INC., § | | |
| Defendant. § | | |

## MEMORANDUM AND ORDER

This employment case is before the Court on the Motion to Dismiss [Doc. # 9] filed by Defendant Continental Airlines, Inc. ("Continental"), seeking dismissal of Plaintiff's claims of association discrimination and disability discrimination under the Americans With Disabilities Act ("ADA"). Plaintiff Antoinette M. Jones, proceeding *pro se*, filed a Response [Doc. # 11], and Defendant filed a Reply [Doc. # 12]. Having reviewed the record and applied governing legal authorities, the Court **denies** the Motion to Dismiss.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Id.* The complaint must contain sufficient factual allegations to state a claim

for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "It is well-established that pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461-62 (5th Cir. 2010) (quoting *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002)).

Applying the less stringent standard for pleadings written by *pro se* litigants, the Court finds that Plaintiff in her Complaint [Doc. # 1] as supplemented by her Response to the Motion to Dismiss, has alleged an adequate factual basis for her claims. As to the association discrimination claim, Plaintiff's pleadings can be reasonably construed to allege that she was qualified for her job as a flight attendant with Continental, that her employment was terminated, that Continental representatives knew that Plaintiff's husband suffered from the disability associated with end stage renal failure (the complete failure of both kidneys), and that the termination of her employment occurred under circumstances that raise a reasonable inference that her husband's disability was a determining factor in Continental's decision to fire her. As to the disability discrimination claim regarding Plaintiff's own alleged disability, her pleadings can reasonably be construed to allege that she was an individual with a disability caused by a cornea transplant who was otherwise qualified for her job, and that she was discharged from her employment because of her

disability. Additional facts can be developed during the discovery process and, if appropriate, Defendant may move for summary judgment on any of Plaintiff's claims after discovery is completed. Based on the foregoing, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 9] is **DENIED**.

SIGNED at Houston, Texas, this 4th day of **January, 2011**.

Nancy F. Atlas
United States District Judge