## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ANTOINETTE JONES, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-3575 |
| | § | |
| CONTINENTAL AIRLINES, INC., | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 3922] filed by Defendant Continental Airlines, Inc. ("Continental"), to which Plaintiff Antoinette Jones filed a Response [Doc. # 44], and Continental filed a Reply [Doc. # 45].  Having carefully reviewed the full record and applied governing legal authorities, the Court **grants** Continental's Motion.

## I.  FACTUAL BACKGROUND

Plaintiff began working as a flight attendant with Continental in 1994. Throughout her employment, she received medical leave for her own and for relatives' health conditions sixteen times without incident.  During the same period of time, Plaintiff was disciplined, both verbally and in writing, for violating various rules and company policies.  These incidents involved altercations with passengers, gate agents,

and other co-workers.  On December 14, 2008, Plaintiff was given a verbal warning for training deficiencies.

On December 30, 2008, Plaintiff was given a written termination warning for misusing the pass travel program.  The termination warning was the result of Plaintiff on at least two occasions improperly listing a family member as "SA3" indicating that she was accompanying the family member on the flight, when in fact the family member was unaccompanied and only entitled to "SA5" status.  Eligible pass riders with "SA3" status have a higher priority for obtaining a seat on the flight than those with an "SA5" classification.  The termination warning included a six-month suspension of pass travel privileges, and stated that any attendance or performance infraction during the succeeding eighteen-month period could result in termination.

In April 2008, Plaintiff's husband began dialysis treatments and, in December 2009, he had open heart surgery.

On March 16, 2010, Plaintiff had a cornea transplant.

On March 26, 2010, within the eighteen-month period covered by the termination warning, Plaintiff flew as a pass rider from Houston to Newark in violation of Continental's pass rider policy.  Specifically, Plaintiff called in sick at 1:00 p.m. for a flight she was scheduled to work that day.  At that same time, Plaintiff

had a reservation for herself and her granddaughter to travel as pass riders on a flight that evening.

Continental terminated Plaintiff's employment on April 16, 2010. Margaret Komar-Kasnowski, the Inflight Supervisor in Newark, recommended the termination of Plaintiff's employment, and her recommendation was approved by Kevin Cumiskey, the Manager of Inflight Base Operations.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on May 4, 2010, alleging disability-based discrimination. After obtaining her Notice of Right to Sue, Plaintiff filed this lawsuit *pro se* alleging discrimination in violation of the Americans with Disabilities Act ("ADA"). After an adequate time to complete discovery and after an unsuccessful mediation session with a private mediator, Defendant moved for summary judgment. The Motion has been fully briefed and is now ripe for decision.

## II.   <u>STANDARD FOR SUMMARY JUDGMENT</u>

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075

(5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P.  56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact."  *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial.  *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted).  In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the

light most favorable to the nonmoving party.  *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).  However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'"  *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)).

The non-movant's burden is not met by mere reliance on the allegations in the non-movant's pleadings.  *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002).  In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts.  *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

## III.   ANALYSIS

### A.   ADA Claim - Association

Jones alleges in her Complaint [Doc. # 1] that she believes she was discriminated against in violation of the ADA because she is a "caregiver of someone with a disability."  Jones testified in her deposition that this claim is based on her belief that Continental terminated her employment because her husband was incurring sizeable medical expenses covered by Continental's group health plan.  *See* Jones Deposition, Exh. 1 to Motion, p. 178.

The ADA prohibits discrimination against an employee because "of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C. § 12112(b)(4). To establish a *prima facie* case of associational discrimination under the ADA, the plaintiff must show the following: (1) she was "qualified" for her job at the time of the adverse employment action; (2) she was subjected to adverse employment action; (3) her employer knew at the time that she had a relative or associate with a disability; and (4) the adverse employment action "occurred under circumstances raising a reasonable inference that the disability of the relative or associate was a determining factor in the employer's decision." *Collins v. Sailormen Inc.*, 512 F. Supp. 2d 502, 508 (W.D. La. 2007) (citing *Den Hartog v. Wasatch Academy,* 129 F.3d 1076, 1085 (10th Cir. 1997)).

In this case, Plaintiff has failed to present evidence that raises a reasonable inference that her husband's disability was a determining factor in her termination. Plaintiff alleges that the decision to terminate her employment was based on the insurance costs due to her husband's disability. Plaintiff has failed to present evidence, however, that the final decision-maker (Kevin Cumiskey) had any knowledge regarding the costs to the Continental group health plan associated with Plaintiff's husband's health care. Indeed, Plaintiff conceded in her deposition that she does not know whether Cumiskey had such knowledge. *See id.* at 183-84.

Continental, on the other hand, has presented uncontroverted evidence that Cumiskey did not have access to the insurance information or otherwise know the insurance costs for Plaintiff's husband. *See* Cumiskey Declaration, Exh. 2 to Motion, ¶ 6. Cumiskey also states under oath that the benefits paid on behalf of Plaintiff's husband did not influence the decision to discipline Plaintiff and, eventually, to terminate her employment. *See id.*, ¶ 7.

Plaintiff has failed to present evidence that raises a genuine issue of material fact regarding whether Continental's decision to terminate her employment "occurred under circumstances raising a reasonable inference that the disability of the relative or associate was a determining factor in the employer's decision." As a result, Defendant is entitled to summary judgment on the ADA claim based on association.

### B.    ADA Claim - Discrimination

Plaintiff alleges in the Complaint that she had a cornea transplant in March 2010, and alleges that Continental discriminated against her because of her "current disability." To establish a *prima facie* case of disability discrimination under the ADA, Plaintiff must show that: (1) she suffers from a disability; (2) she is otherwise qualified for the job despite her disability; and (3) she was subjected to an adverse employment action because of her disability. *See McInnis v. Alamo Cmty. Coll. Dist.*, 207 F.3d 276, 279-80 (5th Cir. 2000)).

For purposes of a claim under the ADA, a disability is "[a] physical or mental impairment that substantially limits one or more of the major life activities of such individual[.]"  *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 222 (5th Cir. 2011) (citing 29 C.F.R. § 1630.2(g)).  Plaintiff has failed to identify any major life activity that was substantially limited by her cornea transplant.  Prior to her surgery, Plaintiff was able to see, read, and drive a car while wearing glasses.  *See* Jones Depo., p. 196.  Her only limitations were that she needed good lighting to read and could not drive at night.  *See id.* at 197.  Those remain her only limitations.  *See id.* at 198-99.  Plaintiff has not presented evidence that the major life activities of reading and driving were substantially limited by the need for cornea transplant surgery.

Plaintiff has failed also to present evidence regarding the third element – that her termination was because of her disability.  When asked during her deposition to explain the basis for her allegation that Continental terminated her employment because of her own alleged disability, Plaintiff testified that her only basis is that she was terminated.  *See id.* at 207.

Plaintiff has failed to present evidence that raises a genuine issue of material fact in support of her *prima facie* case of ADA discrimination.  As a result, Defendant is entitled to summary judgment on this claim.

### C.    Pretext

Even if Jones had presented evidence to establish a *prima facie* case of ADA discrimination based either on her eye surgery or on her husband's disability, Continental has articulated a nondiscriminatory explanation for its decision to terminate her employment.  Specifically, Continental states that while she was under a termination warning, Plaintiff violated company pass travel policy.

"Once the employer articulates such a reason, the burden then shifts back upon the plaintiff to establish by a preponderance of the evidence that the articulated reason was merely a pretext for unlawful discrimination."  *McInnis,* 207 F.3d at 280. Plaintiff has failed to present evidence of pretext in this case.  Plaintiff admits that Continental had a policy that an employee could not engage in pass travel while on leave unless the employee had her supervisor's permission.  Although she alleges that she attempted to contact her supervisor, Plaintiff concedes that she engaged in pass travel on March 26, 2010, while on sick leave and without her supervisor's permission.   Plaintiff admits that she violated company policy while under a termination warning, but complains that Continental "did not go over and beyond to help me in my situation."  *See* Jones Depo., p. 194.  Plaintiff's dissatisfaction with Continental's assistance does not raise a genuine issue of material fact regarding pretext and Continental's Motion for Summary Judgment is granted.

## IV.    CONCLUSION AND ORDER

Plaintiff has failed to present evidence that raises a genuine issue of material

fact in support of her ADA claims in this case.   Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 39] is

**GRANTED**.   The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas this 9th day of **January, 2012**.

Nancy F. Atlas
United States District Judge